UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBIN F. BARRETT,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>UNION PACIFIC RAILROAD,<br><br>　　　　Defendant. | Case No. 19-cv-06377-VC<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Re: Dkt. No. 39 |

　　For the reasons discussed at the hearing as well as in this ruling, Union Pacific's motion for summary judgment is denied as to Barrett's disability discrimination and failure to accommodate claims but granted as to her claim for punitive damages.

　　With respect to the disability discrimination and failure to accommodate claims, the question of whether Barrett is a "qualified person" under the ADA will hinge on whether tasks that require lifting more than ten pounds are "essential functions" of her job as a gang bus driver. *Dark v. Curry County,* 451 F.3d 1078, 1087 (9th Cir. 2006); *Bates v. United Parcel Service, Inc.*, 511 F.3d 974, 990–93 (9th Cir. 2007). Although it's a close question, that issue must be decided by a jury. The testimony given by Barrett and Becker describing the relative infrequency of those tasks and the relative ease with which a gang could complete its work without a driver assisting in them, which stand in contrast with the job description provided by Union Pacific, create a genuine factual dispute. As to the remaining elements of the ADA claims, neither the law nor the evidence would prevent a reasonable jury from finding that Barrett was disabled because of her heart condition that her doctor said prevented her from lifting more than ten pounds, suffered an adverse employment action when Union Pacific put her on unpaid leave rather than allowing her

to continue working for pay, and was denied a reasonable accommodation. Farrar's conclusory declaration that Union Pacific was unable to offer alternative employment or accommodations for an employee with a lifting restriction, regardless of the underlying cause for that restriction, are not enough to support summary judgment. These claims must therefore go to trial.

The same cannot be said of Barrett's claim for punitive damages. Barrett has not identified any evidence from which a jury could conclude that Union Pacific acted with malice or reckless indifference in placing her on medical leave. *Kolstad v. American Dental Association*, 527 U.S. 526, 536–39 (1999). That claim, therefore, may not go to the jury.

**IT IS SO ORDERED.**

Dated: January 25, 2021

_____
VINCE CHHABRIA
United States District Judge